## Keystone Mfg. Co. v. John S. Watts et al.

1. PRACTICE—*Suits for the Use of Another—Right of the Nominal Plaintiff to Demand Indemnity.*—Where a person prosecutes a suit in the name of another, he is bound to indemnify and protect him against the payment of costs, but, in order to obtain such protection, it is the duty of such other person to make an application to the court in which the suit is pending for an order on the beneficial plaintiff to indemnify him.

2. SAME—*Waiver of the Right to Demand Indemnity.*—A party brought an action upon a promissory note, payable nominally to a third person, but upon a demurrer to his declaration he was permitted to amend, by making such third person the nominal plaintiff. On the trial, judgment was rendered in favor of the defendants and against the plaintiff for costs. On a proceeding to enjoin the collection from the nominal plaintiff of a fee bill for the costs of the suit, it appeared that he was notified of the amendment making him the nominal plaintiff, and at the trial sent two of his employes to attend as witnesses. *It was held,* that he had full knowledge of the proceedings, and had he desired to protect himself from the judgments for costs he should have taken steps to procure indemnity before the trial of the suit.

**Bill for an Injunction.**—Appeal from the Circuit Court of Livingston County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

H. E. TORRANCE, attorney for appellant.

R. S. McILDUFF, A. C. NORTON and F. W. WINKLER, attorneys for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery by appellant to enjoin the collection of a fee bill in the hands of appellee Andrew K. Haberer, sheriff of Whiteside county. The bill makes Haberer, M. L. Paddock, John S. Watts and H. M. Chese-

bro defendants. On August 28, 1895, M. L. Paddock, an
implement dealer at Saunemin, Illinois, sent to appellant
an order for a corn husker and shredder, which was
accepted. Some months later Paddock settled for the
machine by paying part cash and giving his note for the
balance. Paddock afterward sold the machine to appellees
Watts and Chesebro, taking notes therefor signed by
Watts and Chesebro, and made payable to the Keystone
Mfg. Co. or bearer. After the notes became due Watts and
Chesebro refused to pay them, alleging that the warranty
given with the machine had not been fulfilled. Paddock
brought suit in his own name upon the notes, but upon
demurrer the court held that he could not recover in his
own name, and leave was given him to amend by making
the Keystone Mfg. Co. for the use of M. L. Paddock,
plaintiff.

Appellant had no notice that it was made a party to the
suit at the time the amendment was made, but was after-
ward notified of that fact, and at the trial sent two of its
employes as witnesses to show that their machine complied
with the warranty. A verdict was returned for the plaint-
iffs at the first trial, but a new trial was granted. Paddock
wrote appellant notifying it that a new trial had been
granted; that he wanted appellant to take charge of the
affair and fight it out, saying, among other things, " you
must do the fighting, hire your own lawyer, etc., as you are
more interested than I." Appellant again sent experts
from among its employes who were witnesses on the trial,
but the second trial resulted in a verdict in favor of Watts
and Chesebro and a judgment against the plaintiffs for
costs. A fee bill was issued against appellant. The bill
asks that said judgment be set aside and vacated, and that
Watts, Chesebro and Haberer be restrained from levying
said execution or otherwise attempting to enforce said
judgment. Paddock answered, alleging that, although the
suit proceeded in the name of the Keystone Mfg. Co. for
the use of M. L. Paddock, it in fact involved the right of
appellant to collect from either Watts, Chesebro or Pad-
dock, the purchase price of said machinery, and that he in

equity merely stood as a surety or guarantor for appellant. The other defendants to said bill also answered denying the right of appellant to the relief sought.   The master found that appellant and Paddock were jointly interested in the result of said litigation; that they were jointly and severally liable for the amount of the costs, evidenced by the fee bill, and recommended that the temporary injunction, which had been issued, restraining the collection of said fee bill, be dissolved.   The court upon the hearing ordered the bill dismissed for want of equity, and dissolved the temporary injunction.

The suit brought in the name of the Keystone Mfg. Co. for the use of Paddock against Watts and Chesebro having resulted in favor of the defendants it was proper for the court to give judgment, both against appellant and Paddock, for the costs.   Rev. Stat., Chap. 33, Sec. 19.   Appellant insists it was made the nominal plaintiff in the suit without its knowledge or consent, and that it should not be deprived of its property by process of law in such case.

The clear preponderance of the evidence shows, however, that before the suit was tried appellant was notified it had been made a party to the same; that it sent expert witnesses to sustain the plaintiff at the two trials, and that it had full knowledge of the proceedings.

Where a person prosecutes a suit in the name of another he is bound to indemnify and protect him against the payment of costs, but in order to obtain such protection, it is the duty of the nominal plaintiff to make an application to the court where the case is pending for an order on the beneficial plaintiff to indemnify him.   Buckmaster v. Beames, 3 Gil. 97; Young v. Campbell, 4 Gil. 156.

It was therefore the duty of appellant, had it desired to protect itself from a judgment against it for costs, to have taken steps to procure indemnity from Paddock before the trial of the case.   Having failed to do so, and being bound equally with Paddock for the costs, it can not now be heard to complain.   The decree of the court below in dismissing appellant's bill of complaint and dissolving the temporary injunction was proper, and will be affirmed.